THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANE DANON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| THOMSON REUTERS (TAX AND ACCOUNTING) INC., THOMSON REUTERS (TAX AND ACCOUNTING) SERVICES, INC., AND THOMSON REUTERS HOLDINGS, INC., | § | |
| | § | COLLECTIVE ACTION |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1. Defendant Thomson Reuters (Tax and Accounting) Inc. (a domestic corporation), Thomson Reuters (Tax and Accounting) Services, Inc. (a foreign corporation), and Thomson Reuters Holdings, Inc. (a foreign corporation) (hereinafter "the Company") are corporations doing business in Texas. The Company is a leading provider of technology and integrated information solutions to business and professional customers. Unfortunately, the Company fails to pay its employees, including Plaintiff Diane Danon ("Danon"), overtime wages for all hours worked in excess of forty (40) hours in a workweek.

2. Accordingly, Danon brings this collective action to recover unpaid wages, unpaid overtime wages, liquidated damages, and attorneys' fees owed to her as an individual and to other

similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2009) (the "FLSA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2009) and 28 U.S.C. Sections 1331 and 1367 (2009).

4. Danon brings this complaint in the district in which a substantial portion of the conduct giving rise to the claims charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2009).

## THE PARTIES

5. Danon was employed by the Company within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Danon was improperly classified as exempt, she regularly worked in excess of forty (40) hours per week, and she was not paid for all hours worked. In addition, Danon was not paid at one-and-one-half times her regular rate of pay for all hours worked in excess of forty (40) hours each workweek. In performing her duties, Danon engaged in commerce or in the production of goods for commerce.

6. The "Members of the Class" are all current and former employees of the Company during the three (3) year period preceding the filing of this complaint who were not paid overtime compensation for all overtime hours worked. Like Danon, these persons engaged in commerce or in the production of goods for

commerce in performing their duties for the Company. These similarly situated persons are referred to as "Members of the Class" or "the Class."

7. Thomson Reuters (Tax and Accounting) Inc. is a domestic corporation doing business in Texas. The Company is an enterprise engaged in commerce or the production of goods for commerce, and has acted, directly or indirectly, in the interest of an employer with respect to Danon and the members of the class. Thomson Reuters (Tax and Accounting) Inc. may be served with process by serving its registered agent, Corporation Service Company, d/b/a/ CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8. Thomson Reuters (Tax and Accounting) Services, Inc. is a foreign corporation doing business in Texas. The Company is an enterprise engaged in commerce or the production of goods for commerce, and has acted, directly or indirectly, in the interest of an employer with respect to Danon and the members of the class. Thomson Reuters (Tax and Accounting) Services, Inc. may be served with process by serving its registered agent, Corporation Service Company, d/b/a/ CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. Thomson Reuters Holdings, Inc. is a foreign corporation doing business in Texas. The Company is an enterprise engaged in commerce or the production of goods for commerce, and has acted,

directly or indirectly, in the interest of an employer with respect to Danon and the members of the class. Thomson Reuters Holdings, Inc. may be served with process by serving its registered agent, Corporation Service Company, d/b/a/ CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## BACKGROUND

10. The Company is a leading provider of solutions for accounting, tax and corporate finance specialists.

11. At all times, Danon was improperly classified as an exempt employee. Danon was hired as a property tax consultant, assisting the Company's clients with such things as the submission of their personal property returns and with property tax appeals. Danon and other employees of the Company regularly worked in excess of forty (40) hours a week but did not get paid one and one-half times their regular rate of pay for all such overtime hours worked.

12. As a result, neither Danon nor the class was compensated for all hours worked, nor did Danon or the class receive overtime pay for all hours worked over forty (40) in each work week.

## DANNON'S ALLEGATIONS

### Failure To Pay Minimum Wage

13. The Company regularly refused to compensate Danon for all hours worked each week. No justification or excuse existed for the Company's practice of failing to compensate Danon for all work

performed each week.

14. As such, the Company failed to pay Danon minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. 29 U.S.C. Section 206 (2009).

### Failure To Pay Overtime Wages

15. As a non-exempt employee, Danon was entitled to be paid at time-and-one-half her appropriate regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. Section 207(a)(2009). Although Danon routinely worked more than forty (40) hours per week, she was not compensated at one-and-one-half times her regular rate of pay for all such hours. Accordingly, the Company's practice of failing to pay Danon one-and-one-half times her regular rate of pay for all overtime hours worked was and is in violation of the FLSA.

16. No exemption excuses the Company from paying Danon overtime rates for all hours worked over forty (40) per workweek. Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Danon. Such practice was and is a clear violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

17. Other employees have been adversely affected by the Company's pay practices and policies which are in willful violation

of the FLSA. Many of these employees have worked with Dannon and also worked in excess of forty (40) hours a week without being paid one and one-half times their regular rate of pay for each overtime hour worked. Thus, Dannon is aware that the illegal practices or policies of the Company have been imposed on the Members of the Class.

18. The Members of the Class are employees entitled to receive overtime compensation for hours worked in excess of forty (40) hours per week. Accordingly, the employees adversely affected by the Company's unlawful practices are similarly situated to Dannon.

19. Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

20. The Company's failure to fully compensate its employees for all time worked, whether overtime or otherwise, as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Dannon's experiences are typical of the experiences of the Members of the Class.

21. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former full time employees who were employed by the Company during the three-year period preceding the filing of this complaint and who were entitled to receive overtime compensation at the rate of time-and-one-half for all hours worked in excess of forty (40) hours per week for which time they were not adequately and properly compensated.

## CAUSE OF ACTION

22. Danon incorporates all allegations contained in paragraphs 1 through 21.

23. The Company's practice of failing to pay Dannon and the Members of the Class for the actual hours worked or for overtime hours worked at one and one-half times their appropriate regular rate was and is in violation of the FLSA.

24. Accordingly, Dannon and the Members of the Class are entitled to unpaid wages and unpaid overtime pay in an amount which is one and one-half times their appropriate regular rates.

25. Additionally, Dannon and the Members of the Class are entitled to an amount equal to all of their unpaid wages and unpaid overtime wages as liquidated damages.

27. Dannon and the Members of the Class are also entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2009).

PRAYER

WHEREFORE, Diane Danon requests that this Court award her and Members of the Class judgment against Defendants Thomson Reuters (Tax and Accounting) Inc., Thomson Reuters (Tax and Accounting) Services, Inc., and Thomson Reuters Holdings, Inc. for:

a. damages for the full amount of unpaid wages and unpaid overtime compensation;

b. an amount equal to unpaid wages and unpaid overtime compensation as liquidated damages;

c. reasonable attorneys' fees, costs, and expenses of this action;

d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as Danon and the Members of the Class may be allowed by law.

Respectfully submitted,

_____
WARREN & SIUREK, L.L.P.
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
DIANE DANON

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com


Law Office of Douglas B. Welmaker
Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com